```
                    UNITED STATES DISTRICT COURT
                    EASTERN DISTRICT OF LOUISIANA

LOUISIANA RESTAURANT           *        CIVIL ACTION
ASSOCIATION SELF INSURER'S
FUND

VERSUS                         *        NO: 10-4266

THE SEMARCA CORPORATION        *        SECTION: "D"(1)
```

## ORDER AND REASONS

Before the court is the **"Motion to Dismiss Pursuant to Rule 12(b)(6) or Alternatively for Summary Judgment" (Doc. No. 8)** filed by Defendant, The Semarca Corporation (Semarca). Plaintiff, the Louisiana Restaurant Association Self Insurer's Fund (LRA), filed a memorandum in opposition. The motion, set for hearing on Wednesday, February 9, 2011, is before the court on briefs, without oral argument. Now, having considered the memoranda of counsel, the record, and the applicable law, the court treats the motion as a Motion for Summary Judgment[1] and finds that it should be granted in part and denied in part.

In this suit, Plaintiff LRA sues Semarca for problems related

---

[1] In support of its motion, Semarca attached the subject Contractor Services Agreement, Affidavit of its CEO, and Affidavit of Semarca's attorney who negotiated the Agreement with Plaintiff. Because Semarca is asking the court to consider matters outside of the pleadings, the court treats the motion as a motion for summary judgment.

to a software system that Plaintiff agreed to purchase from Semarca pursuant to a Contractor Services Agreement (Agreement) between the parties.  (*See* Agreement, Doc. No. 8-4).   Plaintiff LRA specifically alleges that "the software system was not reasonably fit for its intended use" and Semarca "failed to provide a workable software system that met the specifications and complied with the terms of the Agreement." (*See* Petition, Paragraphs VII & IX).[2]  LRA demands the return of all payments that it has made to Semarca under the Agreement, plus lost revenue, lost productivity, damage to its reputation and cost of this litigation, including attorney's fees.  (*Id*. at Paragraphs XI & XII).

In its instant motion, Semarca maintains that Plaintiff obviously intended to assert a claim under a redhibition or implied warranty of fitness theory of recovery when it alleges (in Paragraph VII of its Petition) that the subject "software system was not reasonably fit for its intended use."[3]  However, Semarca argues that in light of the waiver of warranty provision contained in paragraph 9 of the Agreement, Plaintiff fails to state a viable redhibition claim.

Paragraph 9 of the Agreement states:

---

[2]  Plaintiff's Petition was filed in state court and Defendant removed it to this court.

[3]  Semarca contends that Plaintiff has not asserted a claim based on an express warranty.

2

> 9. Limitations of Liability and Warranties. IN NO EVENT SHALL COMPANY [LRA] OR CONTRACTOR [SEMARCA] BE LIABLE FOR ANY DIRECT, INCIDENTAL, SPECIAL OR CONSEQUENTIAL DAMAGES OF ANY TYPE OR NATURE ARISING OUT OF OR ASSOCIATED WITH THIS AGREEMENT EVEN IF SUCH PARTY HAS BEEN ADVISED OF THE POSSIBILITY OF SUCH DAMAGES, EXCEPT FOR THE CONTRACTOR'S [SEMARCA'S] INDEMNITY OBLIGATIONS SET FORTH BELOW. IN NO EVENT SHALL THE AMOUNT OF DAMAGES RECOVERABLE AGAINST CONTRACTOR [SEMARCA] EXCEED THE AMOUNT TO BE PAID TO CONTRACTOR [SEMARCA] HEREUNDER WITH RESPECT TO THE SERVICES AND DELIVERIES THAT ARE DIRECTLY RELATED TO SUCH RECOVERY. **EXCEPT** IN CONNECTION WITH CONTRACTOR'S [SEMARCA'S] INDEMNITY OBLIGATIONS SET FORTH IN PARAGRAPH 14 OF THIS AGREEMENT OR **AS OTHERWISE SPECIFICALLY PROVIDED IN THE APPLICABLE APPENDIX A, CONTRACTOR [SEMARCA] MAKES NO WARRANTIES, EITHER EXPRESS, IMPLIED OR STATUTORY, INCLUDING WITHOUT LIMITATION ANY IMPLIED WARRANTIES OR MERCHANTABILITY OR FITNESS FOR A PARTICULAR PURPOSE OR NON-INFRINGEMENT.**

(*See* Agreement, Doc. No. 8-4 at p. 3, ¶9, emphasis added).

In opposition to Defendant's motion, Plaintiff LRA argues that the description of services set forth in **Appendix A** of the Agreement contains the specific and express warranty that forms the basis for Plaintiff's redhibition and breach of contract claims. **Appendix A** provides in part:

> Description of Services: This Appendix A is to confirm our understanding creating a new system that provides the functionality previously provided to Company [LRA] by that certain iComp database with MySQL as backend and Delphi as front end. In addition, Contractor [Semarca] will design new features

```
          and improve the old system in accordance with
          reasonable requests of Company [LRA].  The
          capabilities provided by the current screens,
          menus, and reports of the system currently
          utilized by the Company will be made available
          in the new system with enhancements as
          reasonably communicated by Company [LRA]
          staff.
```

(*See* Appendix A, Doc. No. 8-4, p. 5).

The court rejects Plaintiff's argument, and finds that Appendix A does not contain any additional warranty that is not subject to the waiver contained in Paragraph 9 of the Agreement. The court thus concludes that Paragraph 9 of the Agreement, even when read in conjunction with Appendix A, contains clear and unambiguous terms for a valid and effective waiver of warranties. The court also finds that any breach of contract claim which Plaintiff bases on Louisiana Civil Code Article 2524 is also subject to the waiver contained in Paragraph 9.[4]  Thus, the court

---

[4] Louisiana Civil Code Article 2524 provides:

**Thing fit for ordinary use**

The thing sold must be reasonably fit for its ordinary use.

When the seller has reason to know the particular use the buyer intends for the thing, or the buyer's particular purpose for buying th thing, and that the buyer is relying on the seller's skill or judgment in selecting it, the thing sold must be fit for the buyer's intended use or for his particular purpose.

If the thing is not so fit, the buyer's rights are governed by the general rules of conventional obligations.

Comments to this article explain that: "[t]he buyer's action in such a case is one for breach of contract and not he action arising from the warranty against redhibitory defects."  La. Civil Code Art. 2524, Commentary (b).

will grant Defendant Semarca's Motion for Summary Judgment to the extent that Semarca seeks dismissal of Plaintiff LRA's claims based on redhibition or warranty theories or breach of contract under Louisiana Civil Code Article 2524. Any breach of contract claim which is not based on Article 2524 is not before the court at this juncture.

In its motion, Semarca also argues Plaintiff's damages are strictly limited in paragraph 9 and lost profits, lost of productivity and damage to reputation which Plaintiff seeks in its Petition are unavailable. As to the limitation of damages, Paragraph 9 again provides:

> 9. Limitations of Liability and Warranties. **IN NO EVENT SHALL COMPANY [LRA] OR CONTRACTOR [SEMARCA] BE LIABLE FOR ANY DIRECT, INCIDENTAL, SPECIAL OR CONSEQUENTIAL DAMAGES OF ANY TYPE OR NATURE ARISING OUT OF OR ASSOCIATED WITH THIS AGREEMENT** EVEN IF SUCH PARTY HAS BEEN ADVISED OF THE POSSIBILITY OF SUCH DAMAGES, EXCEPT FOR THE CONTRACTOR'S [SEMARCA'S] INDEMNITY OBLIGATIONS SET FORTH BELOW. **IN NO EVENT SHALL THE AMOUNT OF DAMAGES RECOVERABLE AGAINST CONTRACTOR [SEMARCA] EXCEED THE AMOUNT TO BE PAID TO CONTRACTOR [SEMARCA] HEREUNDER WITH RESPECT TO THE SERVICES AND DELIVERIES THAT ARE DIRECTLY RELATED TO SUCH RECOVERY.**

(*See* Agreement, Doc. No. 8-4 at p. 3, ¶9, emphasis added).

Plaintiff argues that this limitation of damages clause is unenforceable if Semarca has committed "gross fault" or "gross

negligence." In support of this argument, Plaintiff cites Louisiana Civil Code Article 2004 which provides in part:

> Any clause is null that, in advance, excludes or limits the liability of one party for intentional or gross fault that causes damage to the other party.

La. Civ. Code Art. 2004.

In *Occidental Chemical Corp. v. Elliot Turbomachinery Co., Inc.*, 84 F.3d 172 (5th Cir. 1996), the United States Court of Appeals for the Fifth Circuit interpreted Article 2004 and concluded that a general contractual provision seeking to limit liability for gross fault or gross negligence was invalid and unenforceable. The court explained:

> We find that article 2004 stands as a legislative pronouncement of public policy which parties to a contract cannot ignore. Gross fault or gross negligence is so closely akin to intentional fault and fraud that it would disrupt the social order to allow parties to contract in advance to limit liability for gross fault.

*Id.* at 177.[5]

Here, Plaintiff did not specifically plead gross fault or gross negligence, but at least one Louisiana court has found that the absence of such pleading does not preclude the consideration of

---

[5] Similarly, the commentary to Article 2004 provides that clauses which exclude or limit liability "are against public policy because the overriding principle of good faith would be destroyed if it were possible to contract away liability for fraud."  La. Civ. Code Art 2004, Comment (a).

6

Article 2004's "proscription against excluding limits of liability in advance for intentional or gross fault." *Cameron v. Bruce*, 981 So.2d 204, 208 (La. App. 2nd Cir. 2008).

At this early juncture of the proceedings, the court finds that Semarca is not entitled to summary judgment enforcement of the limitations of damages clause contained in Paragraph 9 of the Agreement.  However, nothing herein should be construed as a finding of gross fault, gross negligence or bad faith on Defendant's part.

Accordingly;

**IT IS ORDERED** that Defendant Semarca's **Motion for Summary Judgment** be and is hereby **GRANTED**, to the extent that the court dismisses Plaintiff's claims based on redhibition or warranty theories or breach of contract under Louisiana Civil Code Article 2524.  Any breach of contract claim which is not based on Article 2524 is not before the court at this juncture.

However, **IT IS FURTHER ORDERED** that Defendant Semarca's **Motion for Summary Judgment** be and is hereby **DENIED** to the extent that Defendant seeks summary judgment enforcement of the limitations of damages clause contained in Paragraph 9 of the Agreement.

New Orleans, Louisiana, this **10th** day of **February**, **2011**.

                                    _____
                                         A.J. McNAMARA
                                    UNITED STATES DISTRICT JUDGE