# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| LOUISIANA RESTAURANT ASSOCIATION SELF INSURER'S FUND | CIVIL ACTION |
| VERSUS | No. 10-4266 |
| SEMARCA CORPORATION | SECTION "I" |

### ORDER AND REASONS

Before the Court is a motion[1] for summary judgment filed by defendant, The Semarca Corporation ("Semarca"). Plaintiff, the Louisiana Restaurant Association Self Insurer's Fund ("LRA/SIF"), opposes[2] the motion.

Semarca argues that any breach of contract claim LRA/SIF could assert is barred by Judge McNamara's[3] previous entry of partial summary judgment in favor of Semarca based on "redhibition or warranty theories or breach of contract under Louisiana Civil Code Article 2524."[4] However, the Court notes that paragraph 1, "Statement of Work," of the contractor services agreement that Semarca and LRA/SIF executed expressly provides that Semarca contractually agreed to furnish the services described in Appendix A.

The Court has considered the parties' briefs, the summary judgment evidence offered and the law. The Court finds that there remain genuine issues of material fact regarding whether

---

[1] R. Doc. No. 36.
[2] R. Doc. No. 38.
[3] The above-captioned case was transferred to this section on June 2, 2011. R. Doc. No. 32.
[4] R. Doc. No. 19.

Semarca performed such services described in Appendix A, which precludes entry of summary judgment.[5]

Accordingly,

**IT IS ORDERED** that Semarca's motion for summary judgment is **DENIED**.

New Orleans, Louisiana, November  30th, 2011.

*[signature]*
**LANCE M. AFRICK**
**UNITED STATES DISTRICT JUDGE**

---

[5] To the extent that Semarca urges that the Court should dismiss LRA/SIF's claims because LRA/SIF has allegedly waived the right to recover "indirect, incidental, special or consequential damages," the Court notes that if Semarca were held liable for breach of contract, LRA/SIF could recover compensatory damages.